**Maurice A. NERNBERG, Appellant**

·v.

**CITY OF DUBOIS.**

Commonwealth Court of Pennsylvania.

Argued May 6, 2008.

Decided May 23, 2008.

Reargument Denied July 18, 2008.

Joshua A. Lyons, Pittsburgh, for appellant.

Toni M. Cherry, Dubois, for appellee.

BEFORE: FRIEDMAN, Judge, and COHN JUBELIRER, Judge, and COLINS, Senior Judge.

OPINION BY Judge FRIEDMAN.

Maurice A. Nernberg (Nernberg) appeals from the September 20, 2007, order of the Court of Common Pleas of Clearfield County (trial court), which: (1) granted in part and denied in part Nernberg's challenge to the City of Dubois' (City) deemed denial of his request for public records under the act known as the Right to Know Law (Law);[1] and (2) denied Nernberg's request for attorney fees and costs. We *sua sponte* dismiss Nernberg's appeal because the trial court lacked jurisdiction to render a decision.

By letter dated February 12, 2007, Nernberg requested that the City provide an opportunity for him to review and copy various materials regarding a City contract for the North and South Main Street (SR4019) Sewer Replacement Project. By

---

1. Act of June 21, 1957, P.L. 390, *as amended,* 65 P.S. §§ 66.1–66.9.

letter dated February 16, 2007, the City advised Nernberg that his request had been turned over to the City's solicitor, Toni M. Cherry. No further details were provided. (R.R. at 9a.)

On March 15, 2007, Nernberg filed an appeal with the trial court, asserting that the City's February 16, 2007, letter did not constitute a proper response to his request under section 3.4(b) of the Law [2] because the letter did not specifically state that the solicitor is conducting a legal review of the request, did not provide the reason for the review, and did not give the date that a response is expected to be provided. Nernberg argued that the City's failure to provide a proper response results in a deemed denial of the request under section 3.4(a) of the Law,[3] and Nernberg requested that the trial court order the City to produce the documents and award him attorney fees and costs. (R.R. at 5a.)

On July 26, 2007, the trial court held a hearing on the matter. After allowing the City to present evidence over objections from Nernberg's counsel,[4] the trial court granted Nernberg's appeal with respect to certain requested items but denied Nernberg's appeal with respect to all other items. The trial court also denied Nernberg's request for attorney fees and costs. Nernberg now appeals to this court.[5]

Nernberg maintains that the trial court erred in several respects; however, we do not address the merits of Nernberg's arguments because we must dismiss his appeal.

Section 3.4 of the Law provides, in pertinent part, as follows:

(a) General rule. Upon receipt of a written request for access to a record, a non-Commonwealth agency shall make a good faith effort to determine if the record requested is a public record and to respond as promptly as possible under the circumstances existing at the time of the request but shall not exceed five business days from the date the written request is received by the non-Commonwealth agency.... *If the non-Commonwealth agency fails to send the response within five business days of receipt of the written request for access, the written request for access shall be deemed denied.*

(b) Exception. Upon receipt of a written request for access, if a non-Commonwealth agency determines that one of the following applies:

· · ·

(4) a legal review is necessary to determine whether the record is a public

---

**2.** Added by section 4 of the Act of June 29, 2002, P.L. 663, 65 P.S. § 66.3–4(b).

**3.** Section 3.4(a) of the Law provides, in pertinent part, "If the non-Commonwealth agency fails to send the response within five business days of receipt of the written request for access, the written request shall be deemed denied." 65 P.S. § 66.3–4(a).

**4.** Nernberg did not appear at the hearing. Counsel for Nernberg argued that the trial court was not permitted to take evidence because, under section 4(d) of the Law, the record on appeal to the trial court was "the request, the agency's response, the requester's exceptions, if applicable, the hearing transcript, if any, and the agency's final determination, if applicable." 65 P.S. § 66.4(d). Counsel objected to the presentation of evidence by the City, stating that "The record is what it is." (R.R. at 29a.) In effect, Nernberg contended that, because the City's response gave no reason for denying Nernberg's request for documents, the trial court was required to sustain Nernberg's appeal.

**5.** Our scope of review is limited to determining whether an error of law was committed, whether constitutional rights were violated or whether necessary findings of fact are supported by substantial evidence. *Goppelt v. City of Philadelphia Revenue Department,* 841 A.2d 599 (Pa.Cmwlth.2004).

record subject to access under this act ..., the non-Commonwealth agency shall send written notice to the requester within five business days of the non-Commonwealth agency's receipt of the request *notifying the requester that the request for access is being reviewed, the reason for the review and a reasonable date that a response is expected to be provided.* If the date that a response is expected to be provided is in excess of 30 days, following the five business days allowed in subsection (a), the request for access shall be deemed denied.

(c) Denial. If a non-Commonwealth agency's response is a denial of a written request for access, whether in whole or in part, a written response shall be issued and include:

(1) A description of the record requested.

(2) The specific reasons for the denial, including a citation of supporting legal authority. If the denial is the result of a determination that the record requested is not a public record, the specific reasons for the agency's determination that the record is not a public record shall be included.

(3) The typed or printed name ... of the public official or public employee on whose authority the denial is issued.

(4) Date of the response.

(5) The procedure to appeal the denial of access under this act.

65 P.S. § 66.3–4 (emphasis added).

Here, the non-Commonwealth agency was the City. It is clear that the City's February 16, 2007, letter, which indicated only that Nernberg's request had been turned over to the solicitor, does not constitute a denial under section 3.4(c) of the Law. The City's letter could be construed as an attempt to comply with section 3.4(b)(4) of the Law, but, because the City failed to fully comply with that section, Nernberg's request was deemed denied under section 3.4(a) of the Law.[6]

Following the deemed denial, Nernberg filed an appeal with the trial court pursuant to section 4(b) of the Law. However, while section 4(b) of the Law allows for a judicial appeal following a *denial* of a request under the Law,[7] this is not the proper statutory procedure following a *deemed denial.* In such a case, the requester must file exceptions pursuant to section 3.5 of the Law. That section provides:

(a) Filing of exceptions. If a written request for access is denied or *deemed denied,* the requester may file *exceptions* with the head of the agency ... within 15 business days of the mailing date of the agency's response or *within 15 days of a deemed denial.* The exceptions shall state grounds upon which the requester asserts that the record is a public record and shall address any grounds stated by the agency for delaying or denying the request.

(b) Determination. Unless the requester agrees otherwise, the agency head or his designee shall make a *final determi-*

---

**6.** Even if we were to treat the City's response as sufficient enough to avoid a deemed denial under section 3.4(a) of the Law, because an additional thirty days passed without further response by the City, Nernberg's request would be deemed denied under section 3.4(b) of the Law.

**7.** Section 4(b) of the Law provides, in relevant part, that:

Within 30 days [1] of a *denial* by a non-Commonwealth agency *under section 3.4(c)* [i.e., a written denial] or [2] of the mailing date of a *final determination* of a non-Commonwealth agency *affirming the denial* of access, a requester may file a petition for review ... with the court of common pleas....

65 P.S. § 66.4(b) (emphasis added).

*nation* regarding the exceptions within 30 days of the mailing date of the exceptions. Prior to issuing the final determination ... the agency head or his designee may conduct a hearing. The determination shall be the final order of the agency. If the agency head or his designee determines that the agency correctly denied the request for access, the agency head or his designee shall provide a written explanation to the requester of the reason for the denial.

65 P.S. § 66.3–5 (emphasis added). The adjudication of the exceptions leads to a final determination, which then may lead to a judicial appeal.

 This interpretation of the statute is supported by our holding in *Muir v. Alexander*, 858 A.2d 653 (Pa.Cmwlth.2004). In that case, this court held that the trial court lacked jurisdiction over an appeal taken under section 4(b) of the Law because the agency never responded to, or held a hearing on, the exceptions filed by the requester, i.e., there was no final determination.

As a jurisdictional defect, the failure to pursue a statutory remedy may be raised at any point in a proceeding, even by the court *sua sponte*. *Id.* Here, because Nernberg did not first obtain a final determination by the City through the filing of exceptions, the trial court lacked jurisdiction over Nernberg's appeal. *Id.*

Accordingly, we dismiss Nernberg's appeal from the trial court's order.

### *ORDER*

AND NOW, this 23rd day of May, 2008, the appeal of Maurice A. Nernberg from the September 20, 2007, order of the Court of Common Pleas of Clearfield County is hereby dismissed in accordance with the foregoing opinion.